JOHN ROBINSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1933.*

JOHN ROBINSON, pro se.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The claimant, John Robinson, seeks to recover compensation for extra work done by him in connection with the construction of the Cairo Armory at Cairo, Illinois, during the spring of 1931.

On February 20th, 1931, the respondent advertised for bids for the construction of an Armory in the City of Cairo, and thereafter the contract for the construction of such Armory was awarded to the claimant, John Robinson, who furnished the bond required by law and immediately commenced work under his contract.

After he began work it was ascertained that on account of peculiar sub-soil conditions in Cairo, it was necessary to revise the plans and specifications upon which the original contract was based. Such revision was made on March 25th, 1931, and on April 7th, 1931 the extra work required by such change in specifications was authorized by the Division of Architecture and Engineering of the Department of Purchases and Construction.

The unit items called for in the original contract were paid in due course as the work progressed, and no part of the original costs are involved in this claim. The extra work was done in accordance with the revised plans and specifications and was satisfactory to the department having charge of the work. The claimant was notified that the appropriation out of which payment for such extra work would be paid would

lapse on June 30th, 1931, but notwithstanding that fact, he failed to file his bill within the required time and the appropriation therefore lapsed before payment was made.

It is conceded, however, that the bills were presented within a reasonable time. Under date of February 29th, 1932, the Department of Purchases and Construction reported that the claimant's claim to the extent of Eighteen Hundred Seventy-four Dollars and Fifty-three Cents ($1,874.53) had the approval of such department. Thereafter a stipulation was entered into and filed herein on the 22nd day of March, A. D. 1933, wherein and whereby it was stipulated and agreed by and between the claimant and the Attorney General upon the recommendation of the Division of Architecture and Engineering of the Department of Purchases and Construction, that the actual loss and reasonable damage sustained by the claimant on account of the aforementioned revision of plans, was Seventeen Hundred Sixty Dollars and Twelve Cents ($1,760.12) and an itemized and detailed statement of which said loss and damage was made a part of such stipulation.

There is no question but what the claimant performed the work in question, and it is admitted that the same was completed to the satisfaction of the Division of Architecture and Engineering of the Department of Purchases and Construction, and the Attorney General has recommended the allowance of the claim to the extent of Seventeen Hundred Sixty Dollars and Twelve Cents ($1,760.12).

IT IS THEREFORE ORDERED, That an award be entered in favor of the claimant in the amount of Seventeen Hundred Sixty Dollars and Twelve Cents ($1,760.12).